THE PEOPLE *ex rel.* Maclay Hoyne, State's Attorney, Appellant, *vs.* ANTHONY J. STUMPF *et al.* Appellees.

*Opinion filed October 24, 1916.*

1. PARKS—*the filing of a petition for the organization of park district is jurisdictional.* Under the act of June 24, 1895, for the organization of park districts, the filing of a petition clearly defining the territory intended to be embraced within the proposed district, signed by at least one hundred legal voters resident within the limits of the proposed district, is jurisdictional, and the county judge is not empowered to act and call an election in the absence of such a petition.

2. SAME—*petition for organization of a park district cannot be amended.* The proceeding by petition under the act of June 24, 1895, for the organization of a park district is purely statutory, and nowhere in the act is any provision made for the amendment of the petition, and if the petition lacks any of the essential requirements it will not vest the county court with jurisdiction to act.

3. SAME—*attorney for persons petitioning for the organization of a park district cannot file an amended petition signed by him alone.* Where a petition for the organization of a park district under the act of June 24, 1895, does not clearly define the territory the petitioners must withdraw their petition and present another, and where their attorney files an amended petition signed by him, alone, the county court has no jurisdiction to act and an election held pursuant thereto is void.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

MACLAY HOYNE, State's Attorney, (MORTON H. EDDY, of counsel,) for appellant.

275 — 6

CHARLES F. McKINLEY, and JOSEPH E. FITCH, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county dismissing an information in the nature of *quo warranto* filed by the People, on the relation of the State's attorney of Cook county, against Anthony J. Stumpf and others, appellees, as commissioners of the River Park District. The information charged appellees with unlawfully usurping the office of park commissioners and called upon them to show by what right they claimed to hold such office. Appellees answered, setting forth in detail the various steps and proceedings taken in the county court of Cook county in organizing the district. The answer recited the filing with the county judge of a petition containing the signatures of more than one hundred legal voters residing in the territory sought to be organized; the suggestion of record to the county judge that subsequent to the filing of said petition a portion of the territory embraced therein had been organized into another park district, known as the Ravenswood Manor Gardens Park District; an order granting leave to amend the original petition by excepting therefrom the territory so organized into the Ravenswood Manor Gardens Park District; the filing of an amended petition in accordance with such order; an order entered by the county judge for an election in the proposed district as described in the amended petition; an order entered for the giving of public notice of such election and due publication and posting of the same; the election pursuant to such notice, and the canvass of the vote, and the order declaring the result and the due qualification of appellees as park commissioners. The answer further recited that more than one hundred legal voters whose names were signed to the original petition resided within the territory described in the petition as amended; that since their election and quali-

fication as commissioners of the River Park District appellees have been acting as the board of park commissioners and have contracted indebtedness in the name of the district; that they have made appropriations for the fiscal year beginning May 1, 1915, and have passed an ordinance levying a tax upon all the property within the district for the year 1915 and that said tax levy is now in course of collection. To this answer the relator filed four replications. The first replication alleged that the amended petition as filed did not contain the names of one hundred qualified voters although purporting so to do, but was signed by the attorney of record for the petitioners. To this replication appellees filed a general demurrer, which was sustained, and the relator elected to stand by the replication. The second, third and fourth replications set out alleged defects in the order for an election, and in the order giving public notice of election, and in the notice as published. To these replications appellees filed rejoinders. The relator demurred to the rejoinders, and these demurrers were overruled. In the view we take it will be necessary for us to consider only the question raised on the action of the court in sustaining the demurrer of appellees to the relator's first replication.

The answer to the information does not state by whom the amended petition was signed, but the replication states expressly that it was signed by no one except the attorney of record for the petitioners. The demurrer admits this statement to be true, and it is shown by the proof made by appellees that this was the procedure taken, and an attempt is made to justify this action of the county court. It appears from the pleadings that the petition for the organization of the Ravenswood Manor Gardens Park District was filed September 1, 1914, and the petition for the organization of the River Park District was filed September 16, 1914, without knowledge of the filing of the former petition on September 1, 1914. On September 26 the

Ravenswood Manor Gardens Park District was fully organized by order of the county court. This proceeding having been brought to the attention of the attorneys for the petitioners, the organization of this district was suggested of record to the county judge on October 2, 1914, and the territory included within the Ravenswood Manor Gardens Park District was thereupon excluded by an order of the court granting leave to amend the petition for the organization of the River Park District by omitting that territory.

The organization of this district was attempted under the act of June 24, 1895, providing for the organization of park districts. (Hurd's Stat. 1916, p. 1880.) By section 2 of this act it is provided that any one hundred legal voters resident within the limits of the proposed district may petition the county judge of the county in which such territory lies, to cause the question to be submitted to the legal voters of the proposed park district whether they will organize as a park district under the act; that the petition must clearly define the territory intended to be embraced in the district and the name of the proposed district, and that upon the filing of such petition it shall be the duty of the county judge to order an election to be held to determine the question whether the proposed district shall be organized. The filing of a petition clearly defining the territory intended to be embraced within the proposed district, signed by at least one hundred legal voters resident within the limits of the proposed district, is jurisdictional, and the county judge is not empowered to act and to call an election in the absence of such a petition. The proceeding is purely statutory, and nowhere in the act is any provision made for the amendment of the petition. If the petition lacked any of the essential requirements, such as a failure to clearly define the territory intended to be embraced within the district or in failing to be signed by at least one hundred legal voters resident within the territory, it would not vest the county court with jurisdiction to act. While the origi-

nal petition did clearly define the territory intended to be embraced within the district, it included within that territory lands which could not be legally included within such district. When this situation was brought to their attention, the petitioners, under the provisions of this statute, had no recourse except to withdraw the petition and present another which complied with the requirements of the statute and correctly defined the territory which it was intended to organize into a park district. The attorney for the petitioners had no more power to present an amended petition to the county judge signed by him alone than he had to thus present an original petition, and it vested the county court with no jurisdiction to act.

It is suggested that the filing of the amended petition in this manner should now be considered harmless, since the question was fairly submitted to the voters residing within the territory at an election and they have determined by a large majority that such territory should be organized into the River Park District. As the county judge had no power to order the election, the election was void and its result of no effect whatever. The county judge had no more power to order an election upon a petition signed by the attorney for the petitioners than he would have had to order an election upon his own initiative without any petition at all. He can only act upon the filing of a petition which meets the requirements of the statute.

As it is conceded the facts were correctly stated in the replication and no rejoinder can be made thereto which would disclose a different situation, it is unnecessary for us to determine the questions raised on the demurrers to appellees' rejoinders to the second, third and fourth replications.

For the reasons given, the judgment of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer to the relator's first replication.

*Reversed and remanded, with directions.*